IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC MARQUEZ, ON BEHALF OF HIMSELF AND ALL OTHER SIMILARLY SITUATED PLAINTIFFS, KNOWN AND UNKNOWN, <br><br> Plaintiff, <br><br> v. <br><br> DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS, AN ILLINOIS LIMITED LIABILITY COMPANY, ANDREW SILVER, INDIVIDUALLY, AND MATTHEW VOGRICH, INDIVIDUALLY, <br><br> Defendants. | N<u>o.</u> 19-CV- <br><br><br> *JURY DEMAND* |

**COMPLAINT**

NOW COMES Plaintiff, ERIC MARQUEZ, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for his Complaint against Defendants, DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS, AN ILLINOIS LIMITED LIABILITY COMPANY, ANDREW SILVER, INDIVIDUALLY, AND MATTHEW VOGRICH, INDIVIDUALLY states as follows:

**I.    NATURE OF ACTION**

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that

during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III.     THE PARTIES

3.      Defendant, **DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS** (herein referred to as a "Defendant"), located at 120 N Racine Ave Ste 230, Chicago, IL 60607 is a company that provides logistics and transportation services to clients. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.      Defendant, **ANDREW SILVER,** is an owner of **DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5.      Defendant, **MATTHEW VOGRICH,** is an owner and the sole manager of **DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6.      Plaintiff, **ERIC MARQUEZ** (hereinafter referred to as "Plaintiff"), is a former employee who performed clerical and account representative duties, including sales and other

related duties, for Defendants under the direction of Defendants' management, and who was compensated a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek.

7. The total amount of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

8. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

9. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV. **STATUTORY VIOLATIONS**

### Collective Action Under The Fair Labor Standards Act

10. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

11.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**Chicago Minimum Wage Ordinance**

12.  Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

**V.   FACTUAL ALLEGATIONS RELEVANT TO COUNTS I - V**

13.  Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

14.  During Plaintiff's employment, Defendants paid Plaintiff on an exempt salary compensation plan that also paid Plaintiff some commissions. The job duties and compensation structure of Plaintiff did not qualify under any of the salary exemptions established by the FLSA.

15.  During the first approximately three (3) months of Plaintiff's employment, Plaintiff performed clerical duties for Defendants, but was not compensated at a rate of time and one-half his regular hourly rates of pay for all hours worked over forty (40). Rather, Plaintiff was compensated on an improper salary basis while he performed non-exempt clerical work.

16. During the final approximately three (3) months of Plaintiff's employment, Plaintiff performed account representative and sales duties for which he was compensated with a base salary and commissions calculated as a percentage of sales made. Plaintiff's commissions, however, never equaled his base salary, as required salary exemption permitted by the FLSA. Over the course of his employment with Defendants, Plaintiff performed either non-exempt clerical work or sales duties for which he did not receive commissions equal to his base salary, such that Plaintiff did not qualify for any salary exemptions under the FLSA and should have been compensated as a non-exempt hourly employee and received of time and one-half his regular hourly rates of pay for all hours worked over forty (40).

17. Plaintiff worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half his regular hourly rates of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

18. Plaintiff, and members of the Plaintiff Class, were paid only for hours worked up to forty (40) in a work week at their straight time hourly rates of pay, and received no compensation for such hours worked in excess of (40) in a workweek, even though the named Plaintiff and members of the Plaintiff Class were scheduled for, and indeed worked, in excess of 40 hours in a work week.

19. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

20. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-20. Paragraphs 1 through 20 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 20 of this Count I.

21. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

22. Defendants have at all times relevant hereto failed and refused to pay any compensation to their employees for hours worked in excess of forty (40) in a work week, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, Eric Marquez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 22 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of Count II.

23. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

24. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, Eric Marquez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    (b)    awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    (c)    awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

    (d)    for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-24.    Paragraphs 1 through 24 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 24 of Count III.

25.    In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

26.    The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, Eric Marquez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

    (a)    awarding liquidated damages equal to the amount of all unpaid compensation;

    (b)    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-26.    Paragraphs 1 through 26 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count IV.

27.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

28.    The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

29.    Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, Eric Marquez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-29. Paragraphs 1 through 29 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count V.

30. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

31. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

32. Under § 1-24-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

33. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, Eric Marquez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

## COUNT VI

## SUPPLEMENTAL STATE LAW CLAIM
## COMMON LAW TORTIOUS INTERFERENCE WITH CONTRACT

1. During the course of employment with Defendants, Plaintiff identified and pursued another employment opportunity with a competitor of Defendants, Forager Logistics (hereinafter "Forager").

2. Plaintiff interviewed favorably with the principles of Forager and on or about January 30, 2019, was tendered a formal offer of employment with Forager which constituted a valid and enforceable contract between Plaintiff and that Company.

3. Upon informing Defendants of his new employment opportunity, including the fact that he would be leaving Defendants' employ, Defendants or someone acting on behalf of Defendants contacted the principles of Forager and inaccurately, fraudulently, dishonestly and with intent to damage Plaintiff informed Forager that Plaintiff had entered into a "non-compete" agreement with **DJM Logistics, LLC d/b/a Molo Solutions** which would legally prohibit Plaintiff's employment with Forager. Defendants further informed Forager that they would enforce the alleged noncompete via litigation if necessary, and/or otherwise intimidated Forager with the threat of impending challenges regarding Forager's employment of Plaintiff. In fact, the "non-compete" agreement purported by Defendants did not exist, as Plaintiff did not sign a non-compete agreement or anything resembling the same before, during or after his employment with Defendants.

4. Subsequent to Defendants' tortious and improper interference with the employment contract between Plaintiff and Forager, including the dissemination of

inaccurate, fraudulent, and dishonest representations that Plaintiff was subject to a binding noncompete agreement, Forager withdrew the employment offer previously made to Plaintiff and demurred to honoring the valid offer of employment made.

5. Defendants' acts of tortious interference with the employment contract between Plaintiff and Forager was the proximate cause of Forager's breach of the offer of employment to Plaintiff, and Plaintiff has been damaged in the form of lost income as a result.

6. Defendants' acts described above were acts committed willfully with fraud, actual malice, deliberate oppression and with such gross negligence as to indicate a wanton disregard for the rights of others. As such, under Illinois law, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff requests this Court to enter an order in his favor and against Defendants on this Count VI, and award him the value equal to the lost wages he incurred by way of Defendants' tortious interference with his employment contract, and a sum in excess of $1,000,000 as and for punitive damages under Illinois law and such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 2/20/2019*

/s/ John W. Billhorn
_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff and members of the Plaintiff Class, known and unknown